IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BOBBIE TORRY,

|  |  |  |
|---|---|---|
| | Plaintiff, | OPINION AND ORDER |
| v. | | |
| | | 11-cv-830-wmc |
| KARI LLOYD, | | |
| | Defendant. | |

In this action brought under 42 U.S.C. § 1983, plaintiff Bobbie Torry, an inmate at Columbia Correctional Institution ("CCI"), alleges that defendant Kari Lloyd, a financial specialist employed at CCI, violated his First Amendment rights. In his original complaint, Torry alleged that Lloyd violated his First Amendment rights to access courts by denying him a legal loan. (Dkt. #1.) Subsequently, the court granted Torry leave to amend his complaint to add a second claim, alleging that Lloyd's actions also constituted retaliation against Torry for filing a civil lawsuit against a different CCI employee. (Am. Compl. (dkt. #17); 8/9/13 Order (dkt. #20).) Pending before the court is Lloyd's partial motion for summary judgment on Torry's retaliation claim for failure to exhaust administrative remedies. (Dkt. #24.)[1] Because Torry failed to exhaust his administrative

---

[1] The preliminary pretrial conference order set a deadline of August 16, 2013, for dispositive motions for failure to exhaust administrative remedies. (Dkt. #19.) Defendant submitted the present motion on September 17, 2013, approximately one month after the court had granted Torry leave to amend his complaint. In light of the amendment, the court previously granted defendant leave to file this untimely motion. (Dkt. #26.)

remedies with respect to his retaliation claim, the court will grant the motion and dismiss that claim.

ALLEGATIONS OF FACT

## I. The Parties

Plaintiff Bobbie Torry is an inmate who is currently, and for all times relevant to the complaint, confined at Columbia Correctional Institution. Defendant Kari Lloyd is employed as a Financial Specialist 2 at CCI.

## II. Administrative Complaints[2]

On May 11, 2011, Torry filed an offender complaint, alleging that he was wrongfully denied a legal loan from defendant Lloyd. (Compl., Ex. 6 (dkt. #1-6) 1-2.) In the complaint, Torry states that Lloyd knew he was working on his criminal appeal and that he did not have the resources to pay for court filings, but does not allege that Lloyd denied the loan because of a civil action he had filed against another CCI employee. On May 26, 2011, the inmate complaint examiner recommended that Torry's complaint be dismissed with the modification that he should re-submit his legal loan application. (*Id.* at 4.) The Warden accepted this recommendation on May 11, 2011. (*Id.* at 5.)

On June 7, 2011, Torry submitted an offender complaint appeal, again complaining of Lloyd's decision to deny him a legal loan, but without any mention or reference to her doing so in retaliation for the civil action he filed against another CCI

---

[2] Torry attaches the administrative record to his complaint and amended complaint.

employee.  (*Id.* at 6-10.)   The corrections complaint examiner recommended dismissing Torry's appeal (*id.* at 17), and the Office of the Secretary accepted that recommendation on September 20, 2011 (*id.* at 16.)

OPINION

The PLRA states that no civil action "shall be brought with respect to prison conditions" in federal court "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement found in § 1997e(a) applies to all inmate suits about prison life, "whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).   The Supreme Court has emphasized repeatedly that § 1997e(a) mandates exhaustion of all administrative procedures before an inmate can file any suit challenging prison conditions.  *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Jones v. Bock*, 549 U.S. 199, 212 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

The Supreme Court has also emphasized that this exhaustion requirement mandates "proper exhaustion," which demands compliance with prison procedural rules before suit is filed in federal court pursuant to § 1997e(a).  *Woodford*, 548 U.S. at 93. The requirement of proper exhaustion is intended "to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a

federal case." *Porter*, 534 U.S. at 524.   By requiring exhaustion of administrative remedies, Congress hoped that "corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Id.* (citing *Booth*, 532 U.S. at 737).   In addition to filtering out potentially frivolous claims, Congress also believed that an internal review process would facilitate the efficient adjudication of cases ultimately brought to court by giving prison officials an opportunity to develop an administrative record that clarifies the contours of the controversy.   *Id.* (citations omitted).

The undisputed record demonstrates that Torry failed to exhaust his retaliation claim.[3]   In response, Torry argues that he did not need to exhaust this claim because the retaliation claim "arose from the same or similar conduct transactions or occurrence identified in Torry's original complaint."   (Pl.'s Opp'n (dkt. #27) 2.)   As defendant points out in her reply, while Torry's argument serves as a basis to allow him to proceed on both of these claims in one lawsuit, the exhaustion requirement under § 1997e(a) applies to each, discrete claim.   *See, e.g.*, *Gillis v. Pollard*, No. 12-C-723, 2013 WL 4502086, at *9 (E.D. Wis. Aug. 22, 2013) (granting summary judgment for failure to exhaust retaliation claims where "plaintiff filed inmate complaints asserting actions that

---

[3] The closest Torry comes to complaining of retaliation is his statement in his offender complaint appeal that Lloyd wrongfully denied him the loan because she was "playing games" with him. (Compl., Ex. 6 (dkt. #1-6) 9.)  Torry does not argue in his opposition brief that this statement placed Lloyd on notice of his claim, and for good reason:  the statement that Lloyd was "playing games" with him fails to "alert the prison to the nature of the wrong for which redress is sought." *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004) (explaining the notice requirement); *see also* Wis. Admin. Code § DOC 310.09(1)(e) (requiring an inmate to clearly identify the issues that he seeks to raise).

he claims were retaliatory, [but] his related inmate complaints did not state these actions were retaliatory").

Next, Torry argues that defendant waived any exhaustion defense by failing to oppose his motion for leave to amend the complaint.  (Pl.'s Opp'n (dkt. #27) 3.)  In a text order granting Torry's motion for leave to amend his complaint, the court noted that his motion was "unopposed" based on defendant's filing of an answer to the "amended complaint."  (Dkt. #20; *see also* dkt. #18.)  The docket entry for defendant's June 4, 2013, answer was incorrectly identified as an answer to the "amended" complaint, however, when the submitted answer actually responded to the original complaint. Regardless, in her answer to the amended complaint, defendant asserts failure to exhaust as an affirmative defense, thereby preserving this defense for the present motion.  (Def.'s Answer to Am. Compl. (dkt. #22) p.4.)

## ORDER

IT IS ORDERED that:

(1) defendant Kari Lloyd's motion for partial summary judgment (dkt. #24) is GRANTED; and

(2) plaintiff's retaliation claim is DISMISSED without prejudice for plaintiff's failure to exhaust his administrative remedies.

Entered this 31st day of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5