IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BOBBIE TORRY,

                         Plaintiff,                          OPINION AND ORDER

        v.                                                          11-cv-830-wmc

KARI LLOYD,

                         Defendant.

In this 42 U.S.C. § 1983 action, plaintiff Bobbie Torry, an inmate at Columbia Correctional Institution ("CCI"), alleges that defendant Kari Lloyd, a financial specialist employed at CCI, violated his right to access the courts by denying him a legal loan. Before the court are cross-motions for summary judgment.  (Dkt. ##32, 38.)  Because the court finds that Torry's only claim is one for damages, and that a claim for damages is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), the court will grant defendant's motion for summary judgment.

UNDISPUTED FACTS[1]

## I.  The Parties

Bobbie Torry is currently, and for all times relevant to the complaint, confined at CCI.  Kari Lloyd is employed at CCI as a "Financial Specialist I."  She began working in her current position in March 2010 and began working for the Department Of

---

[1] The court finds the following facts material and undisputed, unless otherwise noted.

Corrections in March 2006.  In her current role, she is responsible for administering legal loans, among other responsibilities.

## II. Torry's 2011 Legal Loan

In December 2010, Torry signed and submitted a DOC-1290 "Loan Repayment Agreement" for legal loan funding not to exceed $200, the maximum legal loan given at that time.  Torry's request was approved in January 2011 because he had a balance of $.19 in his regular account on December 31, 2010.  Accordingly, Lloyd sent Torry a memorandum advising that his request for a legal loan had been approved, referring Torry to Division of Adult Institutions ("DAI") Policy 309.51.01 for information regarding the legal loan, and stating that:  "Your account balance, payroll, earnings, other receipts and spending patterns will be monitored."  (Affidavit of Kari Lloyd ("Lloyd Aff.") (dkt. #42) ¶ 10; *id.*, Ex. 104 (dkt. #42-5).)

Every quarter, Lloyd reviews the accounts of all inmates with a legal loan to determine if they are still eligible, including reviewing their canteen spending habits. Torry takes issue with whether the DAI Policy required Lloyd to review inmates' accounts, but does not dispute that Lloyd reviewed accounts quarterly as part of her regular practice in administering legal loans.

On March 1, 2011, Torry was removed from the legal loan list.  In a memorandum conveying this decision, Lloyd explained that she had reviewed his account and determined that he had the financial means to support his own legal correspondence, citing DAI Policy 309.51.01.  From January 1 to March 1, 2011, Torry spent $12.74 on

canteen purchases, which included non-essential items such as Ramen noodles, cocoa, candy and soda.  During that same period of time, Torry received work wages totaling $14.80.  From this, Lloyd concluded that sufficient funds were being deposited into Torry's account to pay for his necessary legal supplies.

Torry challenged Lloyd's reasoning, stating that the $4.60 in his regular account on March 1, 2011, was inadequate to cover the cost of legal copies and postage for his petition for review, which he states would have cost $48.00.  In April 2011, Torry sent multiple letters to the Business Office at CCI and to the Warden requesting that his eligibility for a legal loan be reinstated.

On April 18, 2011, Financial Program Supervisor Susan Wallintin sent Torry a memo explaining that:  (1) she, too, had reviewed his account statements; and (2) due to his pay and spending habits, he remained ineligible for a legal loan.  On April 26, 2011, Lloyd sent Torry another memo, stating that his legal loan request was again denied and explaining that he must manage his finances, including prioritizing his legal loans over his personal wants.  On April 28, 2011, Warden Meisner also sent Torry a letter explaining that the business office had already addressed his concerns and that he would need to address the pay and spending concerns identified in Wallintin's memo before he could reapply.

Here, Torry contends that he needed $48.00 to cover copying and postage costs for his petition to the Wisconsin Supreme Court.  Lloyd avers that she does not recall Torry providing her with any documentation, or otherwise informing her, of the costs of copying and postage for his petition to the Supreme Court.  (Lloyd Aff. (dkt. #42) ¶ 21.)

In response, Torry claims that on April 16, 2011, he sent Lloyd his petition and told her "that he needed (11) copies of each page . . . which would have cost about $48.00 for copies and postage."  (Pl.'s Resp. to Def.'s PFOFs (dkt. #45) ¶¶ 19, 32.)[2]

### III.  Torry's Post-Conviction Challenge

On April 5, 2011, the Wisconsin Court of Appeals summarily denied the circuit court order denying Torry's post-conviction motion for a new trial.  *State v. Torry*, No. 2010 AP 1841 (Wis. Ct. App. Apr. 5, 2011).  Torry then moved for reconsideration. That motion was denied on May 13, 2011.  (Compl., Ex. D (dkt. #1-2) 6.)  Pursuant to Wis. Stat. § 808.10, Torry had 30 days until June 12, 2011, to file a petition for review of this decision with the Wisconsin Supreme Court.  Ultimately, Torry chose not to file a petition for review, or to request that the court accept less than the required 10-copies of the petition due to his indigency.

### OPINION

In *Heck*, the Supreme Court held that a prisoner is barred from pursuing a § 1983 claim when a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  512 U.S. at 487.  In *Hoard v. Reddy*, 175 F.3d 531 (7th Cir. 1999), and *Nance v. Vieregge*, 17 F.3d 589, 591 (7th Cir. 1998), the Seventh Circuit extended *Heck* to bar damages for denial of access-to-court claims where the alleged injury

---

[2] Torry also contends that Lloyd returned the petition for review in her April 26, 2011, correspondence.  As defendant points out, however, Torry alleges that he sent the petition for review to Lloyd on April 16, 2011, while the petition references a May 13, 2011, decision by the Court of Appeals, thereby undermining Torry's allegation.

involved a challenge to the plaintiff's conviction.  As the court explained in *Hoard*, "where the prisoner is complaining about being hindered in his efforts to get his conviction set aside, the hindrance is of no consequence if the conviction is valid, and so he cannot get damages until the conviction is invalidated."  *Hoard*, 175 F.3d at 534; *see also Nance*, 147 F.3d at 591 ("[T]he holding in *Lewis* [*v. Casey*, 518 U.S. 343, 351 (1996)], that a claim based on deprivation of access to the courts requires proof of concrete injury, combined with the holding of *Heck*, means that a prisoner in [plaintiff's] position must have the judgment annulled before damages are available.").

In a more recent opinion, the Seventh Circuit affirmed this holding in an access-to-courts claim much like that asserted by Torry:

> The approach of *Nance* and *Hoard* establish the path that we must follow today. Because the underlying claim for which Mr. Burd sought access to the prison law library was the opportunity to withdraw his guilty plea, he cannot demonstrate the requisite injury without demonstrating that there is merit to his claim that he should have been able to withdraw the plea. Such a showing necessarily would implicate the validity of the judgment of conviction that he incurred on account of that guilty plea. The rule in *Heck* forbids the maintenance of such a damages action until the plaintiff can demonstrate his injury by establishing the invalidity of the underlying judgment. Accordingly, we conclude that Mr. Burd has not established a basis for recovering any type of damage relief under § 1983.

*Burd v. Sessler*, 702 F.3d 429, 434-35 (7th Cir. 2012).

Torry attempts to distinguish this case based on the fact that in *Burd* the plaintiff was challenging denial of access to the prison law library, whereas Torry's claim concerns denial of a legal loan, but this is not a meaningful distinction.  Regardless of the alleged barrier to challenging conviction -- lack of access to the law library or other legal

resources or lack of a legal loan to cover postage and copies -- *Heck* and its progeny bar claims for damages where the alleged injury involved a challenge to the plaintiff's conviction.

Even if one could posit a distinction – for example, the first limits the *quality* of his submission, while the second limits *access* all together -- that distinction fails here, since Torry does not establish that he was *barred* access to the courts.  Indeed, it appears Torry made no effort to obtain a waiver of the multiple copy requirement, which he claims inhibited his filing.  While Torry alleges that Lloyd's decision to remove Torry from the legal loan eligibility list and to refuse to reinstate him undermined his ability to file a petition for review with the Wisconsin Supreme Court, it remains undisputed that Torry did not and has not successfully challenged his conviction to date.[3]  As such, the only claim Torry has is one for damages.  Since that claim fails as a matter of law, so must his case in this court.

ORDER

IT IS ORDERED that:

1)  plaintiff Bobbie Torry's motion for summary judgment (dkt. #32) is DENIED;

2)  defendant Kari Lloyd's motion for summary judgment (dkt. #38) is GRANTED; and

---

[3] From the record, Torry's right to appeal also appears to have lapsed.  The untimeliness of Torry's possible appeal also casts doubt on whether a criminal appeal would constitute a nonfrivolous lawsuit, a necessary element to maintain an access-to-courts claim.  *See Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004).

3) the Clerk of the Court is directed to enter judgment in favor of defendant and close this case.

Entered this 28th day of July, 2014.

<div style="margin-left: 40%">

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

</div>